P&B 2.18.26

MFA: USAO#2026R00120

FILED ___ ENTERED
___ LOGGED ___ RECEIVED

FEB 19 2026

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
BY DISTRICT OF MARYLAND
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TAYLOR JOSEPH MORNINGSTAR,<br>and<br>JACLYNN NICOLE ALLEN,<br><br>Defendants. | CRIMINAL NO. BAH-26-69<br><br>(Conspiracy to Commit Sexual Exploitation of a Child, 18 U.S.C. § 2251(e); Sexual Exploitation of a Child, 18 U.S.C. § 2251(a); Distribution of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, 18 U.S.C. § 2252(a)(2) & 2256; Receipt of Child Pornography, 18 U.S.C. § 2252(a)(2); Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B); and Forfeiture, 18 U.S.C. § 2253, 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |

## INDICTMENT

### COUNT ONE

(Conspiracy to Commit Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times material to this Indictment:

1. **TAYLOR JOSEPH MORNINGSTAR ("MORNINGSTAR")** was born in 1993, and resided in Harford County, Maryland.

2. **JACLYNN NICOLE ALLEN ("ALLEN")** was born in 1985, and resided in Harford County, Maryland.

3. **MORNINGSTAR** and **ALLEN** were in a romantic relationship beginning in approximately 2024 through October 2025.

4. Minor Victim, a female, was born in 2007, and was 17 years old at all relevant times.

5. From at least January 2025 through about October 2025, **MORNINGSTAR** and **ALLEN** communicated on an internet-based social media platform regarding their past and future exploitation of Minor Victim.

6. Beginning no later than January 2025 through in or about March 2025, **MORNINGSTAR** and **ALLEN** arranged for the purchase of a Hidden Camera – Spy Camera – 1080P Indoor Camera, manufactured outside of Maryland, with the intent to secretly record Minor Victim naked while in the shower.

7. From in or about February 2025 through October 2025, **ALLEN** distributed files depicting the exploitation of Minor Victim to **MORNINGSTAR** using an encrypted internet-based messaging application.

## Manner and Means of the Conspiracy

8. It was part of the conspiracy that **MORNINGSTAR** and **ALLEN** recorded Minor Victim naked while using the shower, with the intent to create depictions of Minor Victim's genitals and pubic area.

9. It was further part of the conspiracy that **ALLEN** distributed the video files to **MORNINGSTAR** using an encrypted internet based messaging application.

10. It was further part of the conspiracy that **MORNINGSTAR** saved the video files to his digital devices.

## The Charge

11. From no later than January 2025 through in or about March 2025, the defendants,

**TAYLOR JOSEPH MORNINGSTAR,**
and
**JACLYNN NICOLE ALLEN,**

conspired and agreed with one another to employ, use, persuade, induce, entice and coerce any minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, knowing and having reason to know that such a visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and said visual depiction would be produced using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2251(a).

18 U.S.C. § 2251(e)
18 U.S.C. § 3559(e) (1)

## COUNT TWO
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs One through Eight of Count One are incorporated here.

2. On or about March 5, 2025, in the District of Maryland and elsewhere, the defendants,

**TAYLOR JOSEPH MORNINGSTAR,**
and
**JACLYNN NICOLE ALLEN,**

did knowingly employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing a visual depiction of such conduct, and did knowingly attempt to do so, knowing and having reason to know that such a visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, said visual depiction was produced using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and such visual depiction have actually been transported and transmitted using any means and facility of interstate and foreign commerce, that is, that is, a video file which depicts Minor Victim naked with her pubic area exposed and displayed in a lascivious manner as she showers, said video file appearing to have been made without her knowledge, said video file having been produced using a Hidden Camera – Spy Camera – 1080P Indoor Camera, made in China.

18 U.S.C. § 2251(a)
18 U.S.C. § 2

## COUNT THREE
(Distribution of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

3. Paragraphs One through Eight of Count One are incorporated here.

4. From in or about January 2025 through in or about March 2025, in the District of Maryland, the defendant,

**JACLYNN NICOLE ALLEN,**

did knowingly distribute any visual depiction using any means and facility of interstate and foreign commerce, and that had been mailed, shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been so mailed, shipped and transported, by any means including by computer, the production of which involved the use of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and such depiction being of such conduct, that is, **ALLEN** distributed a video file which depicts Minor Victim naked with her pubic area exposed and displayed in a lascivious manner as she showers.

18 U.S.C. § 2252(a)(2) & 2256
18 U.S.C. § 2

## COUNT FOUR
(Receipt of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs One through Eight of Count One are incorporated here.

2. From in or about January 2025 through in or about March 2025, in the District of Maryland, the defendant,

**TAYLOR JOSEPH MORNINGSTAR,**

did knowingly receive any visual depiction using any means and facility of interstate and foreign commerce, and that had been mailed, shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been so mailed, shipped and transported, by any means including by computer, and knowingly reproduced any visual depiction for distribution using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and through the mail, the production of which involved the use of a minor engaged in sexually explicit conduct and such depiction being of such conduct, that is, **MORNINGSTAR** received a video file which depicts Minor Victim naked with her pubic area exposed and displayed in a lascivious manner as she showers.

18 U.S.C. § 2252(a)(2) & 2256
18 U.S.C. § 2

## COUNT FIVE
### (Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs One through Eight of Count One are incorporated here.

2. On or about October 2, 2025, in the District of Maryland, the defendant,

**TAYLOR JOSEPH MORNINGSTAR,**

did knowingly possess any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), which image had been shipped and transported using any means or facility of interstate and foreign commerce and in and effecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, the defendant maintained a Telegram internet-based account, which contained one or more visual depictions of minors engaged in sexually explicit conduct.

18 U.S.C. §§ 2252A(a)(5)(B) & 2256
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 2253, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendants' convictions on any of the offense charged in Counts One through Five of this Indictment.

### Child Exploitation Forfeiture

2. Upon conviction of any of the offenses set forth in Counts One through Five of this Indictment, the defendants,

**TAYLOR JOSEPH MORNINGSTAR, AND
JACLYNN NICOLE ALLEN**

shall forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

    a. any visual depiction described in Title 18, United States Code, Sections, 2251, 2251A, 2252, or 2252A, 2252B, or 2260 or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, received or possessed in violation of Title 18, United States Code, Chapter 110;

    b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

### Property Subject to Forfeiture

3. The property to be forfeited includes, but is not limited to, the following:

    a. Hidden Camera – Spy Camera – 1080P Indoor Camera, made in China;
    b. A Dark Blue Apple iPhone 16; IMEI 351750727005857, made in China;
    c. A Black Apple iPhone 15 Pro; IMEI 358036531624544, made in China;

    d.    A Beige Apple iPhone 16 Pro Max; IMEI 355067545735326, made in China;

**Substitute Assets**

4.    If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

18 U.S.C. § 2253
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_Kelly O. Hayes /MFA_
Kelly O. Hayes
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
FOREPERSON

2/19/26
Date